Filed 10/4/22 P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO MARTINEZ,<br><br>Defendant and Appellant. | F084114<br><br>(Super. Ct. No. F21906428)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert Gezi and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Peña, J. and Smith, J.

Defendant Eduardo Martinez contends on appeal that the trial court erred in including the named victim, M.F., in the criminal protective order that it issued as part of the sentence and disposition in his case. We instruct the trial court to amend the criminal protective order to reflect that it does not apply to M.F.

## PROCEDURAL SUMMARY

On August 16, 2021, the Fresno County District Attorney filed a complaint charging defendant with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4);[1] count 1); infliction of corporal injury resulting in a traumatic condition upon a spouse or cohabitant (§ 273.5, subd. (a); count 2); unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3); receiving stolen property exceeding $950 in value (§ 496, subd. (a); count 4); and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 5). It was further alleged that defendant had suffered one prior "strike" conviction within the meaning of the "Three Strikes" Law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On August 17, 2021, defendant entered a plea of not guilty to the charges in the complaint and denied the prior strike conviction allegation.

On January 20, 2022, defendant withdrew his plea of not guilty to count 2 and entered a plea of no contest for a stipulated two-year prison sentence, to run concurrent to his sentence on a parole violation in a separate case. In consideration of defendant's no contest plea to count 2, the prosecution dismissed counts 1, 3, 4, and 5, and the prior strike conviction allegation.

On February 28, 2022, the trial court denied probation and sentenced defendant on count 2 to the low term of two years in state prison.

On March 25, 2022, defendant filed a notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

## FACTUAL SUMMARY

*Counts 1 and 2*

Defendant and A.C. were married and residing together. On July 3, 2021, they were drinking alcohol and began arguing. A.C. attempted to leave the home, but defendant grabbed her and threw her on the couch, choking her with one hand and covering her mouth with another. A.C. had difficulty breathing while defendant did this and almost lost consciousness but was eventually able to leave the house and call 911.

*Counts 3, 4, and 5*

Defendant and M.F. had previously been in a dating relationship. On August 8, 2021, defendant took M.F.'s car keys and vehicle without her permission, and later, over the phone, attempted to convince M.F. to not report his actions to the police.

## DISCUSSION

Defendant contends the trial court erred in ordering a criminal protective order protecting M.F. as part of defendant's sentence and disposition. The People agree, as do we.

### A.    *Background*

On August 17, 2021, the day after the complaint against defendant was filed, the trial court issued two criminal protective orders under section 136.2. One named A.C. as the protected person, and the other named M.F. as the protected person.[2]

---

[2]    The August 17, 2021, protective order as to M.F. was authorized under the law, given that M.F. was the named victim in count 5, a charge of dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)). Under section 136.2, a court with jurisdiction over a pending criminal proceeding may issue a protective order upon good cause belief that dissuasion of a victim has occurred or is reasonably likely to occur. (§ 136.2, subd. (a)(1).) The statutory authority for the order expired, however, when the trial court sentenced defendant to state prison, terminating its jurisdiction over the criminal proceeding. Accordingly, the trial court terminated both August 17, 2021, protective orders upon sentencing defendant to state prison.

3.

On January 20, 2022, in consideration of defendant's change of plea on count 2 to no contest for a stipulated two-year prison sentence, the prosecution dismissed counts 1, 3, 4, and 5, and the prior strike conviction allegation, stating, "In light of the plea, the People move to dismiss the remaining counts, reserving right to comment and restitution." A.C. was the named victim described in count 2. M.F. was the named victim described in dismissed counts 3, 4, and 5.

On February 28, 2022, the trial court issued a criminal protective order under section 136.2, subdivision (i)(1), protecting both A.C. and M.F. The trial court stated, "I think we have a termination [of the August 17, 2021, protective orders] and a new proposed order." The trial court asked defense counsel if his client "object[ed] to the new parole protective order?" Defense counsel responded, "No, Your Honor. No objection."[3] The trial court signed an order terminating both of the August 17, 2021, protective orders. It then issued another criminal protective order under section 136.2, subdivision (i)(1), listing as protected persons both A.C. and M.F. A.C. was the only person described in count 2, the violation of section 273.5, subdivision (a), the only offense of conviction.

### B. Law

Section 136.2, subdivision (i)(1), protects victims of domestic violence. It provides:

> "When a criminal defendant has been convicted of a crime involving domestic violence as defined in Section 13700 or in Section 6211 of the Family Code, a violation of subdivision (a) of Section 236.1, Section 261, 261.5, former Section 262, subdivision (a) of Section 266h, or subdivision (a) of Section 266i, a violation of Section 186.22, or a crime that requires the defendant to register pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime.…" (§ 136.2, subd. (i)(1).)

---

[3] As the trial court lacked statutory authority to issue the protective order as to M.F., the People agree with defendant, as do we, that defendant's lack of an objection to the order did not forfeit his instant challenge to its issuance.

Section 13700 defines " '[d]omestic violence' " as abuse committed against an enumerated individual,[4] and it defines " '[a]buse' " to mean "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (§ 13700, subds. (a) & (b).)

Family Code section 6211 defines " '[d]omestic violence' " as "abuse" perpetrated against an enumerated individual with whom the defendant is having or has had a dating relationship.[5] (*Id.*, subd. (c).) Family Code section 6203 states " 'abuse' " is "[t]o intentionally or recklessly cause or attempt to cause bodily injury" or "[t]o place a person in reasonable apprehension of imminent serious bodily injury to that person or to another." (*Id.*, subds. (a)(1) & (a)(3).)

### C.    Analysis

Defendant contends that the trial court's criminal protective order under section 136.2 as to M.F. is statutorily unauthorized and improper. The People agree, as do we.

None of the offenses against M.F. are described in section 136.2, subdivision (i)(1). With respect to M.F., defendant was charged with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property exceeding $950 in value (§ 496, subd. (a)), and dissuading a witness (§ 136.1, subd. (b)(2)), all of which were dismissed and all of which, regardless of their dismissal, do not authorize a protective order under section 136.2, subdivision (i)(1). While defendant and M.F. were involved in a dating relationship, none of the offenses for which he was charged wherein

---

**4**     Defendant does not dispute that the protections under section 13700 extend to M.F., as she and defendant were in a dating relationship at the time of the offenses. (§ 13700, subd. (b).)

**5**     As in section 13700, the protections under Family Code section 6211 extend to a person with whom the defendant is having or has had a dating relationship. (Fam. Code, § 6211, subd. (c).)

M.F. was the named victim are explicitly listed in section 136.2, subdivision (i)(1), or require a person to register pursuant to section 290, subdivision (c), upon conviction. Furthermore, none of those offenses "involv[ed] domestic violence as defined in Section 13700 [of the Penal Code] or in Section 6211 of the Family Code." (§ 136.2, subd. (i)(1).) Here, the record indicates that dismissed counts 3, 4, and 5 arose from defendant taking M.F.'s car without her permission and then attempting to talk her out of reporting her car as stolen. There is no indication that, when doing so, defendant committed "abuse" against M.F., as defined by section 13700 or Family Code section 6211.

Accordingly, since the offenses against M.F. were dismissed pursuant to the plea agreement and, regardless, are not described in section 136.2, the trial court erred in restraining defendant from contacting M.F. in the criminal protective order issued under section 136.2, subdivision (i)(1).

## DISPOSITION

The portion of the criminal protective order relating to M.F. is stricken. The trial court is directed to issue an amended criminal protective order applying only to A.C. In all other respects, the judgment is affirmed.